UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA DEON IVORY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, R. BURTON,[1]<br><br>　　　　Defendants. | No. 2:20-cv-1819 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, the undersigned defers consideration of plaintiff's request to proceed in forma pauperis, because this action must be dismissed based on plaintiff's failure to first exhaust administrative remedies prior to filing the instant action.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] In his complaint, plaintiff names both Warden L. Burton and Warden R. Burton. CDCR records confirm that Robert Burton is the acting warden at the California Health Care Facility ("CHCF") where plaintiff is currently housed.

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

III. Plaintiff's Allegations

Plaintiff suffers myriad health conditions and is presently on the kidney transplant list. Plaintiff alleges that the CDCR and the Warden are not taking proper steps to protect plaintiff from COVID-19, to which plaintiff is particularly vulnerable. Plaintiff seeks release from custody with electronic monitoring, so that he can receive a kidney transplant. Plaintiff alleges he was put at the top of the transplant list because he has been waiting for 14 years, but CDCR halted the surgery due to COVID-19, despite Governor Newsom allowing some elective life-saving surgeries to continue.

IV. Discussion

Civil Rights v. Habeas Relief

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Here, the sole relief sought by plaintiff is his release from custody, which is unavailable through a civil rights complaint. Moreover, habeas corpus jurisdiction only involves an attack on plaintiff's conviction for which he is being held in custody, and he must seek release from his conviction because of a violation of the Constitution of the United States, or in the rare case, a federal law, which applies to the state proceedings. While the court may address ancillary matters to the habeas petition, plaintiff must provide the basis for habeas jurisdiction in the habeas petition.

////

////

Exhaustion of Administrative Remedies

Second, even if the court construed plaintiff's claim as one challenging the denial of his kidney transplant surgery in violation of the Eighth Amendment, which plaintiff does not make clear in his complaint or in the administrative grievance provided, it is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to bringing this action.[2]  Rather, plaintiff asks the court to excuse him from the exhaustion requirement.  However, plaintiff relies solely on California state law in support.  (ECF No. 1 at 7.)

Plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take into account "special" circumstances. Ross v. Blake, 136 S. Ct. 1850 (2016).

An action is subject to dismissal and plaintiff may not proceed in this action if he has not exhausted his administrative remedies prior to filing suit. See, e.g., Albino, 747 F.3d at 1162 (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Bennett, 293 F.3d at 1098; Medina v. Sacramento Cty. Sheriff's Dep't, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to

---

[2] Plaintiff provided a copy of his administrative appeal, signed July 25, 2020, which does not bear a log number or acceptance stamp from appeals staff.  (ECF No. 1 at 4-5.)  He also provided a copy of a CDCR "Claimant Grievance Claims Decision Response," Log No. 000000022030, dated August 21, 2020, addressing plaintiff's request "for an immediate release due to CDCR inability to protect him from COVID-19."  (ECF No. 1 at 6.)  Responding staff disapproved plaintiff's claim, and informed plaintiff that if he was dissatisfied with the decision, he may file a 602-2 appeal with the CDCR Office of Appeals.  (ECF No. 1 at 3, 6.)  Plaintiff asks the court to excuse him from the exhaustion requirement.  (ECF No. 1 at 7.)

4

1 state a claim.")  Regardless of the relief sought, a prisoner must exhaust administrative remedies
2 before filing in federal court.  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross, 136 S. Ct.
3 at 1857, 1859.  In other words, exhaustion is a precondition to suit; exhaustion while the action is
4 pending is insufficient.  McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).  This
5 requirement promotes the PLRA's goal of efficiency by:  "(1) 'giv[ing] prisoners an effective
6 incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some
7 prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3)
8 improving the quality of any remaining prisoner suits 'because proper exhaustion often results in
9 the creation of an administrative record that is helpful to the court.'"  Nunez v. Duncan, 591 F.3d
10 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. at 94-95).

        The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable."  Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (citing Nunez v. Duncan, 591 F.3d at 1226).  In Ross, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of."  Ross, 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted).  Andres, 867 F.3d at 1078.  However, the Supreme Court also reinforced the exhaustion requirement:

> [T]hat language is "mandatory":  An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

Ross, 136 S. Ct. at 1856 (internal citations omitted).

        Here, plaintiff's reliance on cases from state courts addressing potential exceptions to the exhaustion requirement is unavailing because this court must apply federal law.  Moreover, as a federal district court, this court is bound to follow the United States Supreme Court's holding that the exhaustion of administrative remedies may not be excused, even for special circumstances.  Thus, to the extent plaintiff contends his situation constitutes "special" circumstances, such

////

1 circumstances do not excuse his failure to exhaust administrative remedies prior to filing this
2 action.
3     Because it is clear from the face of plaintiff's complaint that plaintiff did not exhaust his
4 administrative remedies based on his erroneous belief he could be excused from such
5 requirement, it would be futile to grant plaintiff leave to amend.  Plaintiff must administratively
6 exhaust his claims before again bringing such claims before this court in a civil rights action.  The
7 undersigned recommends dismissal of the complaint without leave to amend, but dismisses the
8 action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted his
9 administrative remedies.

10 V.  Conclusion

11     In accordance with the above, IT IS HEREBY ORDERED that:
12     1.  The court defers ruling on plaintiff's request for leave to proceed in forma pauperis.
13     2.  The Clerk of the Court is directed to assign a district judge to this case.
14     Further, IT IS RECOMMENDED that this action be dismissed without prejudice.
15     These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations, plaintiff may file written objections
18 with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
20 failure to file objections within the specified time may waive the right to appeal the District
21 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 Dated:  October 20, 2020

23
24     KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE
25
26 /ivor1819.fte.sua.cvd
27
28