UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAT DEON IVORY,<br><br>Plaintiff,<br><br>v.<br><br>CDCR R. BURTON, et al.,<br><br>Defendants. | No. 2:20-cv-01819-TLN-KJN<br><br><br><br>**ORDER** |

Plaintiff Donat Deon Ivory ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 20, 2020, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 8.) On October 30, 2020, Plaintiff filed Objections to the Findings and Recommendations. (ECF No. 9.)

The Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and

1

1 decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th

2 Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi*

3 *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

4 Having carefully reviewed the entire file under the applicable legal standards, the Court

5 finds the Findings and Recommendations to be supported by the record and by the magistrate

6 judge's analysis.

7 In his Objections, Plaintiff concedes he failed to exhaust his administrative remedies prior

8 to filing this action. (ECF No. 9 at 3.) Indeed, it was not until October 21, 2020, that Plaintiff

9 mailed his appeal to CDCR headquarters for the final appeal decision, "to attempt to fully exhaust

10 administrative remedies." (*Id.*) Plaintiff alleges he did not exhaust his appeals before bringing

11 this action because he believed COVID-19 posed an imminent danger such that continuing the

12 administrative appeals process would be futile and the six months required to exhaust

13 administrative remedies was unreasonable under the circumstances. (*See id.* at 1–2.) While the

14 Court is not unsympathetic to Plaintiff's situation, courts may not excuse an inmate's failure to

15 exhaust administrative remedies prior to bringing suit, even to consider "special circumstances."

16 *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Moreover, as the magistrate judge correctly

17 explained, Plaintiff may not obtain release from prison through a civil rights action brought

18 pursuant to 42 U.S.C. § 1983. (ECF No. 8 at 3 (citing *Muhammad v. Close*, 540 U.S. 749, 750

19 (2004) (per curiam))); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). As such, Plaintiff's

20 Objections are overruled.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1. The Findings and Recommendations filed October 20, 2020 (ECF No. 8), are adopted

23 in full;

24 2. This action is DISMISSED without prejudice; and

25 3. The Clerk of the Court is directed to close this case.

26 ///

27 ///

28 ///

2

1       IT IS SO ORDERED.

2 DATED: December 7, 2020

                                                      Troy L. Nunley
                                                      United States District Judge